UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DEERE & COMPANY, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>XAPT CORPORATION,<br><br>    Defendant. | Case No. 4:19-cv-04210-SLD-JEH |

**DEFENDANT XAPT CORPORATION'S OBJECTION TO MAGISTRATE JUDGE ORDER AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 72, Defendant XAPT Corporation ("XAPT") objects to the Order entered by Magistrate Judge Hawley on May 6, 2020 (the "Order") granting Plaintiff Deere & Company, Inc.'s ("Deere") Motion for Leave to amend its pleading (Dkt #43) and mooting XAPT's Motion to Dismiss (#24). (Dkt #59). Because the Order is erroneous or otherwise contrary to law, it must be vacated or, in the alternative, modified. XAPT submits the following memorandum of law in support of its Objection.

    I.    STANDARD OF REVIEW

The Court must review the Order de novo. Although the Order addressed a procedural issue—the filing of an amended complaint—the Order decided a dispositive issue in this case: whether Deere has adequately alleged that it complied with the mandatory pre-litigation dispute resolution process in the relevant agreements. Rule 72 differentiates between magistrate judge orders on nondispositive matters and orders on dispositive matters: the former are orders having independent effect, whereas the latter are only recommendations to the district judge. *See* Fed. R. Civ. P. 72, C.D. Ill. R. 72.2, *Cleversafe, Inc. v. Amplidata, Inc.*, 287 F.R.D. 424, 426 (N.D. Ill.

2012).  "[W]hen parties object to a magistrate judge's order, district judges are to review nondispositive decisions for clear error and dispositive rulings de novo."  *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 594–95 (7th Cir. 2006); *see also Cleversafe, Inc.* 287 F.R.D. at 426.

"Nondispositive matters" are those matters which are "not dispositive of a party's claim or defense."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (providing that a magistrate judge may determine any pretrial matter pending before the court, except certain dispositive motions including a motion "to dismiss for failure to state a claim upon which relief can be granted").  "Whether a matter is dispositive or non-dispositive is determined by reference to 28 U.S.C. § 636(b)(1)(A), which gives magistrate judges the power 'to hear and determine any pretrial matter' with certain exceptions."  *Liion LLC v. Vertiv Group Corp.*, 2020 WL 2307488, at *1 (N.D. Ill. May 8, 2020).  Section 636(b)(1)(A) contains eight exceptions, including motions for judgment on the pleadings, for summary judgment, and to dismiss for failure to state a claim.  28 U.S.C. § 636(b)(1)(A).  However, "dispositive orders are not strictly limited to those orders that formally resolve the eight matters enumerated in the statute. . . . Orders that have the practical effect of necessarily resolving one of those eight matters are considered dispositive of the merits."  *Liion LLC*, 2020 WL 2307488, at *1.

Ordinarily, a magistrate judge's order deciding a motion for leave to amend a pleading is a nondispositive matter.  *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 n. 6 (7th Cir. 2009).  However, in addition to granting leave to Deere to file the Second Amended Complaint, the Order also resolved dispositive matters.  The Order decided that XAPT cannot prevail on a motion to dismiss on the ground that Deere has failed to allege compliance with a mandatory dispute resolution process in the governing agreements.  (Dkt #59 at p. 16).  XAPT argued leave to file Deere's proposed second amended complaint should be denied on futility

grounds because the proposed Second Amended Complaint failed (like Deere's original and first amended complaints) to allege compliance with the pre-suit dispute resolution process required by the Master Services Agreement ("MSA") (Dkt #27 at § 15.6.1). The Magistrate Judge disagreed and decided that Deere's Second Amended Complaint sufficiently alleges that Deere complied with that process. The Order, therefore, has the "practical effect of necessarily resolving" a motion by XAPT to dismiss the Second Amended Complaint which would be dispositive of Deere's lawsuit. See *Liion LLC*, 2020 WL 2307488, at *1. Accordingly, with respect to that issue the Order is a decision on a dispositive matter subject to de novo review by the Court. *See, e.g., Lynchval Sys., Inc. v. Chicago Consulting Actuaries, Inc.*, 1996 WL 735586, at *4 (N.D. Ill. Dec. 19, 1996) (magistrate judge orders "that have the practical effect of necessarily resolving" one of the motions enumerated by 28 U.S.C. § 636(b)(1)(A), such as a motion to dismiss, . . . "are considered dispositive of the merits and, consequently, require de novo review under Federal Rule 72"); *Blake v. Peak Prof'l Health Services, Inc.*, 191 F.3d 455 (7th Cir. 1999) (magistrate judge orders on motion to dismiss reviewed de novo, even when order is not identified as report and recommendation); *Neal v. Miller*, 542 F. Supp. 79, 80 (S.D. Ill. 1982) (applying de novo standard of review to objection to magistrate judge's order denying leave to proceed in forma pauperis where order was dispositive of plaintiff's claim).

Alternatively, even if reviewed for clear error, the Order must be vacated.[1] The Second Amended Complaint simply does not allege compliance with the dispute resolution process. The

---

[1] If the Court overrules XAPT's Objection after review of the Order only for clear error, then the Court should clarify that the Magistrate Judge's determination with respect Deere's allegations of compliance with Section 15.6.1 is non-binding and that XAPT may renew its Motion to Dismiss in response to the Second Amended Complaint. Otherwise, the Magistrate Judge's determination of this obviously dispositive issue would be contrary to 28 U.S.C. § 636(b)(1)(A)'s requirement that dispositive matters in a case are to be resolved by a district court judge. Alternatively, if the Court determines that the Magistrate Judge's determination is

decision on whether a pleading adequately alleges a claim is not accorded deference and does not involve the exercise of discretion. Consequently, if the Order incorrectly rules that the proposed Second Amended Complaint adequately alleged compliance with the dispute resolution process, then it contains clear error.

## II. DISCUSSION

A. **It was error to conclude that the Second Amended Complaint was not futile— Deere has not sufficiently alleged compliance with the pre-suit dispute resolution requirements of the MSA.**

As the Magistrate Judge noted, "Section 15.6.1 of the MSA provides for a mandatory pre-suit dispute resolution process." (Dkt #59 at p. 4). Specifically, Section 15.6.1 requires the following process:

> The respective Project Managers will first attempt to resolve the Dispute; however, if there is no resolution within ten (10) business days, either party may then require that their next level management meet within the next ten (10) business days to resolve the Dispute. If these managers are unable to resolve the Dispute, then there may be one final escalation to designated leaders, who will meet within ten (10) business days to make one last attempt to resolve the Dispute.

(Dkt #27 at § 15.6.1). Deere does not dispute that it is required to comply with Section 15.6.1. Deere also does not dispute that it is required to plead compliance with Section 15.6.1. Indeed, Deere's allegations of compliance with this process are contained in one paragraph (Paragraph 185) of its Second Amended Complaint:

> Despite Deere providing notice as required under the Contracts and following the parties' mutual dispute resolution process, including months of communications with the requisite Project Manager, "next level" management, and "designated leader" levels at XAPT, and a failed mediation "conducted by a mutually agreeable mediator in a mutually agreed location," XAPT has failed to cure the breaches as required pursuant to MSA §§ 10.12, 15.6.1, 15.6.2.

---

binding and controls a renewed motion to dismiss on this issue, then XAPT requests that the Court stay the case except for a short period of targeted discovery on the issue of Deere's compliance with Section 15.6.1, after which XAPT can file a motion for summary judgment.

(Dkt #46 at ¶ 185).[2] The Magistrate Judge concluded that this allegation "easily satisfies the motion to dismiss standard set forth in *Iqbal* and *Twombly*." (Dkt #59 at pg. 5). This was error.

Even assuming that Deere's allegations are true—they are not[3]—"months of communications" plainly do not comply with Section 15.6.1 of the MSA. On the contrary, the MSA unambiguously requires something different in both degree and kind: an initial attempt to resolve the dispute by and between the respective Project Managers at Deere and XAPT and, if there is no such resolution within 10 business days, an escalation to next level management who must meet and attempt to resolve the dispute within 10 business days; if that is unsuccessful, then there must be one more escalation to designated leaders, who must meet within 10 business days and attempt to resolve the dispute. Only after this specific process can either party pursue legal action, excepting claims for injunctive relief. This process has <u>not</u> occurred. Deere does not even allege that it has. Instead, Deere weakly alleges "months of communication" and a post-filing "failed mediation" that never actually took place.

---

[2] Although cited to by Deere in Paragraph 185, Section 10.12 of the MSA does not relate to the mandatory pre-suit dispute resolution procedure of Section 15.6.1. Rather, Section 10.12 provides that:

> Deere shall notify [XAPT] if any Services or Deliverables fail to meet the warranties and requirements of this Master Agreement, or any SOW Specifications ("Nonconformity"). Upon notice of a Nonconformity, XAPT shall promptly re-perform any Services and correct and re-deliver any Deliverables so that they do conform to agreed expectations within fifteen (15) business day after notice. The Parties may agree to a different cure period in a SOW for specific Services or Deliverables.

Accordingly, Deere cannot rely on any alleged facts relating to Section 10.12 to survive a motion to dismiss for failure to comply with Section 15.6.1.

[3] Contrary to Deere's allegation, there was no "failed mediation." Rather, there were preliminary discussions among counsel and the parties with a mediator, but there was never a formal mediation session at which the parties discussed or negotiated any proposal to resolve the disputes in the case.

4842-9864-5436.1                                5

Notably, Deere's allegations of compliance with Section 15.6.1 have evolved from an initial and conspicuous absence to their current form. Deere's Complaint (Dkt #1) and Amended Complaint (Dkt #5) did not contain any allegation that Deere had complied with the MSA's mandatory pre-suit dispute resolution process. Despite this evolution, Deere's newest allegations remain insufficient. Deere, in fact, now affirmatively alleges **non-compliance**. Section 15.6.1 indisputably requires a specific process of escalation to progressively higher levels of management with precise time limits, not "months of communications." In fact, the MSA contemplates that this process should be completed or otherwise exhausted within 30 days, not months. (Dkt #27 at § 15.6.2). If Deere actually believed that these alleged "months of communications" were made within the context of the detailed escalation procedure of Section 15.6.1, including its timing requirements, it could have alleged as much. Faced with a dispositive motion that could end its lawsuit, Deere logically would have amended to allege specifics on its compliance efforts, such as dates and personnel involved. The fact that Deere has not done so suggests that it cannot.

In effect, Deere has proposed and the Magistrate Judge has erroneously accepted that ordinary communication during the MSA's performance between Deere and XAPT—what Deere calls "months of communications"—is sufficient to satisfy mandatory, clearly structured, pre-suit dispute resolution requirements. Because Deere's amended pleading did not cure the deficiencies of its earlier pleading on this dispositive issue, the motion was futile and should have been denied. The Magistrate Judge erred and the Order must be vacated with respect to this determination.

      B.      <u>It was error to conclude that, because XAPT filed a joint motion to stay to schedule mediation after Deere filed its lawsuit, it cannot pursue a defense that Deere has failed to comply with the pre-suit dispute resolution requirements of the MSA.</u>

The erroneous analysis in the Order is plainly evident in its finding that, because XAPT agreed to stay this case in order to schedule a mediation, "it is disingenuous for . . . XAPT to persist in making th[e] argument" that Deere has failed to comply with the mandatory pre-suit dispute resolution procedures. (Dkt #59 at p. 5). On December 12, 2019, XAPT and Deere jointly moved for a stay so that they could mediate this case. Based on this single fact, the Magistrate Judge concluded that, because Section 15.6.2 of "the MSA makes clear mediation becomes an option after the parties avail themselves of the mutual dispute resolution process and given that XAPT pursued mediation, [XAPT's] futility argument at this early stage of the case is less convincing." (Dkt #59 at p. 5). However, the joint motion did not mention anything relating to Section 15.6.2 of the MSA. Moreover, the mediation mentioned in the joint motion never actually occurred: the parties' settlement efforts never progressed beyond preliminary discussions with a mediator; there was no signed mediation agreement between XAPT and Deere; there were no mediation statements; and neither XAPT nor Deere ever made a concrete settlement proposal. Accordingly, the Magistrate Judge's finding that any mediation took place is not supported by the record.

More fundamentally, any discussions regarding mediation after Deere filed its lawsuit were irrelevant to a mediation under Section 15.6.2. Section 15.6.2 unambiguously refers to the pre-suit dispute resolutions procedures of Section 15.6.1 and provides that "[i]f the Dispute has not been resolved through the mutual dispute resolution process described above within thirty (30) business days of its initiation, the Parties may agree to settle the Dispute by mediation[.]" (Dkt #27 at § 15.6.2). Nothing in Section 15.6.2 supports a conclusion that by discussing

mediation generally after the filing of a lawsuit, a party automatically waives claims or defenses relating to compliance with Section 15.6.1.  On the contrary, the language of Section 15.6.2 acknowledges that the parties may agree to settle a dispute by mediation and to actually participate in mediation, neither of which has occurred in this case.  The potential mediation discussed by XAPT and Deere in December 2019 cannot possibly be a mediation conducted pursuant to Section 15.6.2, which contemplates an actual agreement to resolve disputes at mediation—and not in court—within 30 days of initiation of the dispute resolution process under Section 15.6.1.  (Dkt #27 at § 15.6.2).  Axiomatically, any discussions regarding a mediation after a legal action is filed cannot relate to a mediation in which the parties have agreed to settle their disputes prior to legal action.

Accordingly, there is no plausible basis for the Magistrate Judge's finding that the discussions between Deere and XAPT regarding a mediation after Deere filed its lawsuit were an agreement to settle the disputes in this case by mediation under Section 15.6.2.  It is entirely proper for a party such as XAPT to consider alternative dispute resolution during litigation while also maintaining that mandatory contractual pre-suit dispute resolution requirements have not been satisfied.  A failure to vacate the Magistrate Judge's conclusion on this issue would not only prevent XAPT from pursuing a meritorious and dispositive defense in this action, but it would also set the perverse and illogical precedent of punishing a party for considering alternative dispute resolution during litigation.  Parties should be encouraged to engage in an alternative dispute resolution without fear that by doing so they might prejudice their ability to pursue claims and present defenses, particularly when the parties' agreement clearly expresses an intent to engage in alternative dispute resolution.  Unfortunately, the Order has the opposite

effect.  Therefore, the Order must be vacated with respect to the characterization of XAPT's potentially dispositive defense that Deere has failed to comply with Section 15.6.1.

### III.   CONCLUSION

For the foregoing reasons, XAPT respectfully requests that the Court grant its objection and vacate the Magistrate Judge's Order entered on May 6, 2020 (Dkt #59), deny Deere's Motion for Leave (Dkt #43), and grant XAPT's Motion to Dismiss (Dkt #24).  XAPT requests that the Court allow oral argument on its Objection in light of the issues presented by the Order regarding XAPT's defenses to Deere's claims.

FOR XAPT CORPORATION,

/s/ Robert P. Cummins
Robert P. Cummins
THE CUMMINS LAW FIRM, P.C.
Two Canal Plaza, P.O. Box 4600
Portland, ME 04112-4600
Tel.: (207) 774-7000
rcummins@nhdlaw.com

/s/ Josh M. Kantrow
Josh M. Kantrow
LEWIS BRISBOIS BISGAARD & SMITH LLP
500 West Adams Street, Suite 300
Chicago, IL, 60661
Tel: (312) 463-3445
Josh.Kantrow@lewisbrisbois.com

CERTIFICATE OF SERVICE

  I hereby certify that on May 18, 2020, I electronically filed the within document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record in this matter.

                 /s/ Josh M. Kantrow
                Josh M. Kantrow
                LEWIS BRISBOIS BISGAARD & SMITH LLP
                500 West Adams Street, Suite 300
                Chicago, IL, 60661
                Tel: (312) 463-3445
                Josh.Kantrow@lewisbrisbois.com