IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DEERE & COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| XAPT CORPORATION; | ) | Case No. 4:19-cv-4210 |
| XAPT SOLUTIONS PTY LTD; | ) | |
| XAPT KFT; and COSMO CONSULT | ) | |
| BUSINESS SOLUTIONS S.R.L, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS OR STAY
UNDER FED. R. CIV. P. 12(b)(1), (6) BY DEFENDANTS
XAPT KFT AND COSMO CONSULT BUSINESS SOLUTIONS SRL**

Defendants, XAPT KFT and COSMO CONSULT BUSINESS SOLUTIONS SRL ("Cosmo"), by counsel, pursuant to Local Civil Rule 7.1, submit their Brief in support of their Motion to Dismiss or Stay the Second Amended Complaint filed against it by Plaintiff, DEERE & COMPANY ("Deere"), under the abstention doctrine articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

**I. Joinder of Co-Defendant's Motion**

On October 15, 2020, Co-Defendant XAPT Corp. moved to dismiss or stay Deere's claims against it based in part on the *Colorado River* abstention doctrine. [DE 118]. XAPT KFT and Cosmo fully join the part of that motion arguing for abstention under *Colorado River* and adopt the statement of facts, statement of the standard to apply, and legal argument on that issue. Additional facts, however, uniquely apply to both XAPT KFT and Cosmo that justify moving separately, and they outline those additional grounds and arguments in this concurrent motion.

1

**II. Additional Facts**

Cosmo was not served until August 19, 2020, and XAPT KFT was not served until September 17, 2020, and both of them moved to dismiss Deere's claims against them based on lack of personal jurisdiction in Illinois. [DE 96, 97, 108, 109]. A third co-defendant, XAPT Solutions Pty Ltd., an Australian company, has yet to be served. XAPT Corp. filed one action in the Delaware Chancery Court on April 3, 2020, and XAPT KFT and XAPT Solutions Pty Ltd. both filed a separate action in the same court on September 16, 2020, and moved to consolidate the two actions on October 15, 2020. ([DE 118], Exh. 2; Exh. A, attached.) Cosmo is not a party to any of the Delaware actions.

**III. Argument**

Two of the factors determining "exceptional circumstances" deserve special discussion in light of XAPT KFT's and Cosmo's involvement in this litigation. These two factors are the order in which the courts assumed jurisdiction and the respective progress of litigation.

First, the factor regarding the order of assuming jurisdiction "is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983). Here, the Delaware action commenced on April 3, 2020, but Cosmo was not served in this action until more than five months later, and XAPT KFT was not served until more than six months later, and after it had already commenced its own state-court action in Delaware. This Court has yet to acquire jurisdiction over XAPT Solutions Pty Ltd., and its jurisdiction over the first two parties remains unresolved. Thus, this court has not even completely acquired jurisdiction over all defendants, while the Delaware court has fully assumed jurisdiction over both actions there, which was confirmed on remand after Deere's unsuccessful attempted removal to federal court.

Second, the factor regarding the relative progress of the proceedings "is of greater importance than some of the other considerations." *DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 953 F.3d 469, 479 (7th Cir. 2020). With regard to Cosmo, if this court even has jurisdiction at all, it would have acquired it well after the Delaware court initially acquired jurisdiction, and after the Delaware proceedings were well under way toward resolution. With regard to XAPT KFT, again if this Court acquired jurisdiction at all, it would have done so after XAPT KFT commenced its action in Delaware. *See*, *e.g.*, *Solo Cup Co. v. Paper Mach. Corp.*, 359 F.2d 754, 758–59 (7th Cir. 1966) (holding that the date of service determines when a federal district court acquires jurisdiction over a defendant).

Importantly, this action has been stalled in its progress toward a resolution due to Deere's litigation tactics. Deere has named XAPT KFT and Cosmo in this action without having any basis for this Court to acquire personal jurisdiction over them. Rather, Deere is seeking to conduct discovery to see if this Court even has jurisdiction over Cosmo, and will probably do the same for XAPT KFT. As such, there has been absolutely no progress on this case as it relates to XAPT KFT or Cosmo. A protective order has not even been entered in the case due to Deere's insistence on an unwarranted and unduly restrictive multi-tier protective order. Further, in the Chancery Court proceeding, XAPT Corp. has filed a motion to expedite proceedings, while the present action is going nowhere.

Thus, these two factors weigh further in favor of abstention with regard to XAPT KFT and Cosmo – if personal jurisdiction is even present, which both XAPT KFT and Cosmo deny.

**IV. Conclusion**

      For all reasons outlined in XAPT Corp.'s motion, and the additional reasons presented here, the Court should abstain from exercising jurisdiction over XAPT KFT and Cosmo to any extent that it has personal jurisdiction over them.

                                                Respectfully submitted,

                                                XAPT KFT and Cosmo

                                                By: /s/ *Joseph R. Marconi*
                                                        One of its Attorneys

Joseph R. Marconi - #01760173
Victor J. Pioli - #6256527
Samuel D. Branum - #6326622
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
marconij@jbltd.com
pioliv@jbltd.com
branums@jbltd.com
(312) 372-0770
(312) 372-9818 (fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 16, 2020, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

                                /s/ *Joseph R. Marconi*