E-FILED
Monday, 19 October, 2020  05:28:03 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DEERE & COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:19-cv-04210-SLD-JEH |
| | ) | |
| v. | ) | |
| | ) | |
| XAPT CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEERE & COMPANY'S MOTION TO COMPEL
### PRODUCTION OF DELIVERABLES

Plaintiff Deere & Company ("Deere" or "Plaintiff"), by and through its undersigned counsel, respectfully moves this Court to Compel Defendant XAPT Corporation ("XAPT" or "Defendant") to produce the "Deliverables" sought in Deere's Request for Documents and to overrule objections to and order XAPT to respond to Deere's Interrogatories No. 15-16 (hereinafter "Discovery Concerning Deliverables").  In support of this Motion, Deere states as follows:

## I.   INTRODUCTION

This Court should overrule XAPT's objections and compel XAPT to produce the Deliverables requested in Deere's Request for Production No. 4, and respond to Deere's Interrogatories No.15-16.  XAPT admits that the Discovery Concerning Deliverables seek relevant information and that XAPT has an obligation to comply with discovery requests in this case.  XAPT's "objections" to providing Discovery Concerning Deliverables are unfounded.  First, XAPT cannot refuse to comply with discovery requests by conflating their contract

defenses with their discovery objections.[1]  Second, XAPT's claim that "no Deliverables exists" defies credibility.  "Deliverables" are defined in Section 1.12 of the parties' Master Services Agreement ("MSA") to include, among other things, "any work product," "**all** Modifications of the Software" and "**any** equipment, hardware, or other items or materials developed and/or procured by Supplier on Deere's behalf."  MSA § 1.12 (emphasis added).  The obligation to deliver (which XAPT admits exists in its response to RFA No. 31[2]), includes Deliverables "whether finished or unfinished."  *See* MSA § 12.4.2.  Lastly, the legal theories XAPT advances to justify its refusal to deliver the Deliverables, do not apply to XAPT's obligations in discovery.

Accordingly, Deere seeks an Order compelling XAPT to produce the Deliverables and respond to Deere's interrogatories related to the Deliverables.

## II.   RELEVANT BACKGROUND

On June 2, 2020, Deere served its First Interrogatories and Requests for Production on XAPT.  XAPT served its Responses to Deere's First Requests for Production and Interrogatories on July 16, 2020.  True and correct copies of XAPT's Responses to Deere's First Requests for Production and Interrogatories are attached as **Exhibits B and C**, respectively.  The following request for production and interrogatories from Deere and XAPT's responses are the subject of the instant Motion to Compel:

---

[1] Notably, in response to Deere's Request to Admit ("RFA") No. 31, XAPT admits that upon Termination, XAPT has a contractual obligation to deliver Deliverables to Deere.  Quoting XAPT in RFA No. 31:  Admit that Section 12.4.2 provides, upon termination of the MSA or any SOW, that "Supplier must deliver to Deere all Deliverables, whether finished or unfinished, developed prior to termination, in a form and format useable by Deere (and Deere agrees to pay for such material according to the relevant SOW)[.]"
**RESPONSE:  Admit.  (Exhibit A** at 9.)
[2] A true and correct copy of XAPT's Responses to Deere's First Requests for Admission is attached hereto as **Exhibit A**.

**Request for Production:**

4.  Please produce each Deliverable, as that term is defined in MSA § 1.12.

**RESPONSE:  Without waiving the below objections and subject to same, XAPT states:  As this request is understood, there are no "deliverables" as a result of Deere's breach of its obligations and repudiation of the Agreements.**

(**Exhibit B** at 4–5.)

**Interrogatories:**

15.  Please Identify the person or entity currently in possession, custody, and/or control of the Deliverables, as defined in under the Agreements.

**ANSWER:  XAPT incorporates by this reference its Preliminary Statement and General Objections. XAPT objects to this Interrogatory to the extent it presumes, or requires XAPT to agree, that XAPT is in sole possession, custody or control of the Deliverables.**

**Notwithstanding said objections and without waiving same, and to the extent XAPT understands this Interrogatory, XAPT answers as follows:  As this interrogatory is understood, there are no "deliverables" as a result of Deere's breaches of its obligations and repudiation of the Agreements.**

16.  Please Identify the monetary value of each Deliverable, as defined in MSA § 1.12.

**ANSWER:  XAPT Incorporates by reference its Preliminary Statement and General Objections. As this interrogatory is understood, there are no "deliverables" as a result of Deere's breaches of its obligations and repudiation of the Agreements.**

(**Exhibit C** at 15–16.)

Upon reviewing XAPT's responses, Deere's counsel notified XAPT that Deere is entitled to responses to the Discovery Concerning Deliverables.  Despite multiple attempts to meet-and-confer, in efforts to avoid judicial intervention, the parties were unable to reach an agreement regarding this dispute.[3]

---

[3] The parties' efforts to meet-and-confer regarding the preservation and production of the Deliverables are well-documented in previously filed motions, including their supporting exhibits, which are currently pending before this Court.

During a recorded video conference with the Court on September 2, 2020, counsel for XAPT repeatedly confirmed XAPT's indefensible position for refusing to produce Deliverables. A true and correct copy of excerpts from the Transcript of Recorded Video Proceedings Before the Honorable Jonathan E. Hawley – Motions Hearing, dated September 2, 2020, is attached hereto as **Exhibit D**. Doubling down on its written response to Request No. 4, XAPT's counsel stated "[XAPT's] position is that the obligation to produce deliverables does not exist due to Deere's breach and repudiation of the contract." (**Exhibit D** at 79:24-25–80:1-2.) XAPT's counsel even conceded that the Deliverables are both relevant and discoverable. (**Exhibit D** at 80:7-9, 13-18.)

In light of the foregoing, the Court specifically asked XAPT's counsel to articulate XAPT's objection to or "issue" with Deere's request for production of Deliverables. (**Exhibit D** at 83:20–24.) In response to the Court's inquiry, XAPT's counsel reiterated XAPT's position and stated "[t]hat was our response, and we stand by that response." (**Exhibit D** at 83:25–84:1-6.) Before inviting the parties to brief this issue, Judge Hawley aptly noted that XAPT's position commingles what is ultimately deliverable under the contract, which is a merits question, with the obligation to produce a deliverable in response to a discovery request in litigation. (**Exhibit D** at 80:19-25; 84:11-15.)

## III.   ARGUMENT

### A.  <u>Legal Standard.</u>

Pursuant to Federal Rule of Civil Procedure 26, discovery may be had as to any non-privileged material that is relevant to a claim or defense of any party.  *Sykes v. Target Stores*, No. 00 C 5112, 2002 WL 554505, at *1 (N.D. Ill. Apr. 15, 2002) (quoting Fed R. Civ. P. 26(b)(1)). The federal discovery rules are to be construed broadly and liberally.  *Herbert v. Lando*, 441 U.S. 153, 177 (1979).  Courts have construed the relevance standard broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *SR Int'l Business Ins. Co. v. World Trade Center Properties, Ltd.*, No. 02 C 8133, 2003 WL 145419, at *3 (N.D. Ill. Jan. 21, 2003) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Belcastro v. United Airlines, Inc.*, 17 C 1682, 2019 WL 1651709, at *11 (N.D. Ill. Apr. 17, 2019) (explaining that relevance is broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case, without limitation to the issues raised in the pleadings).

XAPT, as the party opposing discovery has the burden of showing that the discovery is overly broad, unduly burdensome, or not relevant.  *Hodgdon v. Northwestern University*, 245 F.R.D. 337, 341 (N.D. Ill. 2007) (citing *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002)); *Elm Energy and Recycling Ltd. v. Basic*, No. 96 C 1220, 1996 WL 596456, at *7 (N.D. Ill. Oct. 9, 1996).  To meet this burden, the objecting party must "specifically detail the reasons why each request is irrelevant."  *Schapp v. Executive Indus., Inc.*, 130 F.R.D. 384, 397 (N.D. Ill. 1990).  If the party opposing discovery fails to meet its burden of showing the discovery is overly broad, unduly burdensome, privileged or not relevant, a district court is authorized to compel compliance.  *See* Fed. R. Civ. P. 37(a).

B.  <u>**This Court Should Compel XAPT to Produce the Deliverables.**</u>

Deere's Request to Produce No. 4 seeks relevant and discoverable information. XAPT's Objections are without merit and must be overruled. Additionally, XAPT as the party resisting discovery has the burden to show why the discovery should nto be allowed. XAPT cannot meet that burden, and already conceded relevance and discoverability of the requested information. Therefore, this Court should enter an order compelling XAPT to produce Deliverables. There can be no question as to what Deere has requested be produced because what constitutes a Deliverable was *agreed* to by the parties and memorialized in MSA § 1.12. Further, XAPT has not and cannot offer any legal justification or logical explanation for its refusal to produce Deliverables in discovery. As set forth above, XAPT's counsel conceded that the Deliverables sought in Request No. 4 are both relevant and discoverable in this litigation. Even if raised, an objection on relevance grounds would fail because Deliverables are a central issue in this case under ¶¶ 135-169, Count II ¶¶ 196-203, Count III ¶¶ 204-215, Count VI ¶¶ 239-262, Count VII ¶¶ 263-272, Count VIII ¶¶ 273-278, and Count IX ¶¶ 279-286 of Deere's Second Amended and First Supplemental Complaint ("SAC"). (Dkt. 60.)

Here, XAPT admitted that the Deliverables are relevant, discoverable, and failed to raise any legally cognizable objection to Request No. 4. XAPT's obligation to produce documents in discovery is entirely separate from the parties' respective obligations to provide Deliverables under the MSA. Consistent with Judge Hawley's observations during the September 2 hearing, XAPT may not avoid producing Deliverables by conflating issues. Thus, this Court should enter an order compelling XAPT to produce the Deliverables and the information sought in Interrogatories No. 15-16 and Request for Production No. 4.

### C.  This Court Should Compel XAPT to Answer Interrogatories No. 15-16.

6

Interrogatories No. 15-16 also concern Deliverables.  Interrogatory No. 15 seeks information related to the identity of the entities in possession of the Deliverables (i.e., potential witnesses or additional parties) and Interrogatory No. 16 seeks information regarding the value of the Deliverables which relates directly to Deere's damages.  XAPT's objections, discussed below, should be overruled.

**XAPT Objection:   XAPT incorporates by this reference its Preliminary Statement and General Objections.**

None of XAPT's General Objections are proper under the Federal Rules of Civil Procedure and none permit XAPT's refusal to identify material witnesses or potential parties that may need to be added to this case.  *In re Peregrine Fin. Grp. Customer Litig.*, No. 12 C 5546, 2015 WL 1344466, at *3 (N.D. Ill. Mar. 20, 2015) (explaining that "[i]t is well-established that [general] objections have no effect" and holding that plaintiffs waived all general objections not stated in response to specific interrogatories.).  XAPT's objections should be overruled.

**XAPT Objection:   XAPT objects to this Interrogatory to the extent it presumes, or requires XAPT to agree, that XAPT is in sole possession, custody or control of the Deliverables.**

This Objection is nonsensical.  Interrogatory No. 15 asks XAPT to identify the individual or entity in possession of the Deliverables.  In the context of this case where XAPT was using subcontractors, this Interrogatory is relevant and XAPT's objection serves only to obfuscate this material issue.  XAPT's objection must be overruled.

**XAPT Objection:   Notwithstanding said objections and without waiving same, and to the extent XAPT understands this Interrogatory, XAPT answers as follows:   As this interrogatory is understood, there are no "deliverables" as a result of Deere's breaches of its obligations and repudiation of the Agreements.**

XAPT advances this objection to both Interrogatories No. 15 and 16.  This objection is baseless and must be overruled.  Interrogatory No. 15 asks XAPT to identify the individual or

entity in possession of the Deliverables.  Whether XAPT has a viable legal theory as to whether such Deliverables have to be ultimately delivered or not has absolutely no bearing on who may be in possession of them now.  XAPT's objection must be overruled.  XAPT's conclusion from the application of its own legal theory is likewise irrelevant and not credible for all the same reasons addressed with respect to document Request No. 4.  Again, XAPT's objection must be overruled.  Additionally, the objection is baseless as it relates to Interrogatory No. 16.  The value of the Deliverable is relevant discoverable information and is not blocked by XAPT's theory or intended defense.  Consequently, this Court should overrule XAPT's objections.

Dated:  October 19, 2020                         Respectfully submitted,

/s/ Ronnie L. White II
Kara E. F. Cenar
S. Patrick McKey
GREENSFELDER, HEMKER & GALE, P.C
200 West Madison Street, Suite 3300
Chicago, Illinois 60606
(312) 419.9090 (tel)
(312) 419.1930 (fax)
kcenar@greensfelder.com
pmckey@greensfelder.com

Mary Ann L. Wymore
Kirsten M. Ahmad
Ronnie L. White II
GREENSFELDER, HEMKER & GALE, P.C
10 S. Broadway, Suite 2000
St. Louis, Missouri 63102
(314) 241.9090 (tel)
(314) 241.8624 (fax)
mlw@greensfelder.com
km@greensfelder.com
rwhite@greensfelder.com

Mariangela Seale
Lauren Jaffe
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700 (tel)
(312) 471-8701 (fax)
mseale@rshc-law.com
ljaffe@rshc-law.com

*Attorneys for Plaintiff Deere & Company*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on this 19th day of October, 2020, the foregoing document was served via electronic mail upon the following counsel of record:

| | |
|---|---|
| Josh M. Kantrow | Robert P. Cummins |
| Thomas M. Wolf | The Cummins Law Firm, P.C. |
| Lewis Brisbois Bisgaard & Smith | Two Canal Plaza, P.O. Box 4600 |
| 550 West Adams Street, Suite 300 | Portland, ME 04112-4600 |
| Chicago, Illinois 60661 | rcummins@nhdlaw.com |
| Josh.Kantrow@lewisbrisbois.com | |
| Thomas.Wolf@lewisbrisbois.com | *Attorneys for XAPT Corporation* |

*Attorneys for XAPT Corporation*

      /s/ Ronnie L. White II

*1878177*