UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DEERE & COMPANY, | ) |
| PLAINTIFF, | ) ) ) ) CASE NO. 4:19-cv-04210-SLD-JEH |
| VS. | ) ) ) ) ) |
| XAPT CORPORATION, et. al. | ) ) |
| DEFENDANTS. | ) |

### XAPT DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER AND SUPPORTING MEMORANDUM OF LAW

In accordance with Fed. R. Civ. P. 72(a), Defendants XAPT KFT, XAPT Corporation, and XAPT Solutions Pty Ltd. object to the text Order the Magistrate Judge entered on July 28, 2023 which stopped the XAPT Defendants' ability to enforce a subpoena XAPT Corporation issued to Hitachi Solutions America, Ltd. in California, after a California federal court overruled Deere's objections to that subpoena, **to which Hitachi itself did not object**. Because the Order is erroneous or otherwise contrary to law and exceeds this Court's authority under Rule 45(d)(3)(A), it should be vacated or, in the alternative, modified.

### STANDARD OF REVIEW

The Court reviews the Magistrate Judge's non-dispositive order for clear error. *See* Fed. R. Civ. P. 72, C.D. Ill. R. 72.2, *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 594–95 (7th Cir. 2006). "When a district court considers objections to an appeal from a magistrate judge's rulings on non-dispositive matters, the magistrate judge's disposition will be set aside only if it is 'clearly

127934828.4

erroneous or contrary to law.'" *United States v. Dish Network, L.L.C.*, No. 09-3073, 2010 U.S. Dist. LEXIS 138210, at *6 (C.D. Ill. 2010) (quoting Fed. R. Civ. P. 72(a)).

Under the clear error standard, the Court should vacate the Order because when a magistrate judge "lack[s] authority under Rule 45(d)(3) to modify the subpoena[], [the magistrate judge] thus acted contrary to law by modifying the subpoena…." *Jones v. PGA Tour, Inc.*, No. 22-cv-04486-BLF, 2023 U.S. Dist. LEXIS 61147, at *22 (N.D. Cal. 2023).

Simply put, and as expressly defined by Rule 45(d)(3)(A), this Court's Magistrate Judge does not have the power to quash, delay, or otherwise modify XAPT Corporation's subpoena to Hitachi served in, and compliance with which is required before, the United States District Court for the Central District of California. *See* Deere & Co., Inc. v. XAPT Corp., Case No.: 8:21-mc-00028-JVS-DFM (C.D. Cal. 2022).

**FACTUAL BACKGROUND**

On October 29, 2021, XAPT Corporation served a subpoena duces tecum on non-party Hitachi under Rule 45(a)(1)(C), requesting production of documents and things related to Hitachi's correspondence and document exchanged with Deere regarding the accused dealer business system Deere is developing with Hitachi. XAPT timely provided notice of the Hitachi Rule 45 subpoena to Deere before serving the subpoena almost two years ago.

**Hitachi did not object to the subpoena** before the district court in the District Court for the Central District of California, but on November 12, 2021, Deere, not Hitachi, moved the District Court for the Central District of California to quash XAPT's subpoena to Hitachi and transfer the issue of the enforcement of the subpoena to this Court. *Id.* at Dkt. 1. However, beyond the fact Deere generally lacked standing to quash the third-party subpoena and, more significantly since Deere failed to comply with two local rules, Judge James V. Selna removed Deere's motions

2

from that Court's docket and closed the matter. *Id.* at Dkt. 7, attached as <u>Ex. A.</u> For almost two years, Deere took no further action regarding XAPT's subpoena to Hitachi with the Central District of California United States District Court, *until Deere learned Hitachi was cooperating to produce responsive documents and things*.

Over the past several months, XAPT and Hitachi have been cooperating, as required by the local rules for the Central District of California, to allow Hitachi to provide documents and things responsive to the subpoena.

On June 22, 2023, only after Deere declined to address XAPT's June 17, 2023 questions regarding the small piece of DBS code Deere provided XAPT, XAPT accepted Hitachi's invitation to narrow XAPT's October 2021 subpoena and XAPT sent an amended subpoena to Hitachi's counsel with fourteen requests focused on Deere's accused DBS code with full revision history as well as requests for development documents and specifications for each iteration of Deere's accused DBS. To be sure, XAPT did not serve a new subpoena on Hitachi[1] but instead continued the agreed to Hitachi counsel's offer to respond to a narrower breadth and scope of the original subpoena XAPT served on Hitachi in October 2021.

When Deere learned Hitachi was cooperating to produce relevant, responsive documents and things, Deere complained to this Court's Magistrate Judge. On July 28, 2023, Magistrate Judge Hawley ruled he has the power to delay Hitachi's compliance with the subpoena. In so doing the Magistrate Judge analogized XAPT's subpoena to Hitachi to XAPT's subpoena to Microsoft, *to which Microsoft also did not object,* but the enforcement of which Deere successfully moved to transfer from the Western District of Washington and which, after acknowledging Deere's limited

---

[1] Of course, even if XAPT served a new subpoena, as opposed to voluntarily reducing XAPT's requests in the original subpoena, under Rule 45(a)(1)(C), issues related to enforcement of the subpoena still lay in the Central District of California, unless and until transferred to this Court by express order.

3

ability to interfere with a third-party subpoena to which the recipient raised no objection, the Magistrate Judge quashed XAPT's subpoena to Microsoft.

While the most glaring and important distinction between the two subpoenas is the fact the Central District of California is presiding over the Hitachi subpoena and that court has not transferred the issue to this Court under Rule 45(f), in blocking XAPT's and Hitachi's *cooperative efforts,* solely at Deere's behest raised almost two years after service of the subpoena, the Magistrate Judge stated "[t]he same principle that applies to how I dealt with the Microsoft issue and the reason why I'm not allowing any new discovery requests to be made until we get all of these issues resolved applies to the Hitachi subpoena." See 7/28/2023 Tr. at 69:10-16, attached as Ex. B. But, of course, the almost two-year old subpoena to Hitachi is not a "new discovery request[]" and, as a matter of clear statute, blocking Hitachi's agreed compliance is beyond the Magistrate Judge's authority.

## ARGUMENT AND AUTHORITIES

**A. It was clear error for the Magistrate Judge to stay Hitachi's agreed compliance with XAPT's subpoena to Hitachi as this Court lacks jurisdiction over the subpoena.**

Under Federal Rule of Civil Procedure 45(a)(1)(C), a party may subpoena a nonparty to produce documents, electronically stored information, and tangible things. As is clear from the plain text of Rule 45, only the court in which compliance is required, here the Central District of California, has the authority to enforce, quash, or modify the subpoena unless *that court* elects to transfer the issue of enforcement to the court in which the lawsuit is filed, by order under Rule 45(f). To be sure, the Central District of California has never entered such an order as to the subpoena at issue. To the contrary, Deere attempted to secure transfer under Rule 45(f), but failed.

The adoption of the express language of Rule 45(d)(3)(A) makes clear Congress' intent that only one court – the court where compliance is required – has authority to address a third-

party subpoena unless that court affirmatively elects to transfer the issue to another court. Unless and until then, nothing in Rule 45 allows any other court to involve itself in issues relating to the subpoena.

As this Court, Judge Myerscough presiding, has made clear, "[t]he court with jurisdiction to modify or quash a subpoena is the court for the district where compliance is required." *Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 U.S. Dist. LEXIS 87004, at *6 (C.D. Ill. 2017) (cleaned up). Accord, *Wozniak v. Bd. of Trs. of Univ. of Ill.*, No. 15-2275, 2018 U.S. Dist. LEXIS 227186, at *3 n.3 (C.D. Ill. 2018) (Long, M.J.) "A court lacks jurisdiction to resolve a motion to quash if the court is not the court for the district 'where compliance is required.'" *Raap,* at *6 (citing *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708-RFB-NJK, 2014 U.S. Dist. LEXIS 114348, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014)).

Moreover, despite the Court's recently imposed limitation on *new* discovery, "[XAPT's] failure to comply with a [court-imposed] process that was not in place when [XAPT] served the [] third-party subpoena[], does not justify staying the production obligations imposed by [that] subpoena[]." *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, 2017 U.S. Dist. LEXIS 187471, at *31 (N.D. Ill. 2017).

In contravention of Rule 45, the Magistrate Judge's Order effectively quashes, or at the very least modifies Hitachi's obligation to comply with a subpoena XAPT served in a foreign district *and with which, as modified by agreement, Hitachi has agreed to comply*. In so doing, the Magistrate Judge's Order essentially brings the subpoena under this Court's purview, in derogation of the express intent of Rule 45(d)(3)(A).

After the 2013 amendments to Rule 45, in addition to the clear text of Rule 45 itself and the instructive commentary, courts in other federal circuits have held Rule 45 "reserves the power

5

to quash or modify a subpoena to the court for the district where compliance is required." *KGK Jewelry LLC v. ESDNetwork*, 2014 U.S. Dist. LEXIS 38630, at *5 (S.D.N.Y. 2014) (internal citations omitted); See also, *BBK Tobacco & Foods LLP v. Cent. Coast Agric., Inc.*, No. 21-mc-80189-DMR, 2021 U.S. Dist. LEXIS 226897, at *6 (N.D. Cal. 2021); *Cung Le v. Zuffa, LLC*, No. 2:17-mc-00016-PSG (RAOx), 2017 U.S. Dist. LEXIS 236194, at *4 (C.D. Cal. 2017). Directly applicable to this issue is the facts courts have also held that issuing courts "ha[ve] no authority to stay or otherwise act on [a] Subpoena[]. That authority is given by Rule 45 to the [] Compliance Court[]." *Struck v. Yida Gao*, No. 2:22-cv-02415-SPG-MAA, 2022 U.S. Dist. LEXIS 240231, at *6 (C.D. Cal. 2022) (citing, Rule 45(c)(3)).

Failure to vacate the Magistrate Judge's Order on this issue would not only prevent XAPT from obtaining discoverable information to which XAPT entitled, but it would also further burden this Court with ongoing discovery disputes XAPT's subpoena to Hitachi and Hitachi's offer of voluntary compliance will remedy. Allowing the Magistrate Judge to usurp the Central District of California Court's authority over XAPT's subpoena is in direct contravention of Rule 45 and constitutes clear error.

Therefore, the XAPT Defendants respectfully request the Court vacate the Magistrate's Judge's Order and allow Hitachi to comply with its obligation and agre to respond to XAPT's subpoena.

                Respectfully submitted,

                **LEWIS BRISBOIS BISGAARD & SMITH**

                By: */s/ Felix M. Digilov*
                     Attorney for XAPT Defendants

William S. Helfand
Lewis Brisbois Bisgaard & Smith
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
P: 832.460.4614
F: 713.759.6830
Bill.Helfand@lewisbrisbois.com

Josh M. Kantrow
Lewis Brisbois Bisgaard & Smith
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: 312.345.1718
F: 312.345.1778
Josh.Kantrow@lewisbrisbois.com

Joshua D. Curry
Lewis Brisbois Bisgaard & Smith
600 Peachtree Street NE, Suite 4700
Atlanta, GA 30308
P: 404.348.8585
F: 404.467.8845
Josh.Curry@lewisbrisbois.com

OF COUNSEL:

Margaret Fitzsimmons
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, IL  60661
Margaret.Fitzsimmons@lewisbrisbois.com

Felix Digilov
LEWIS BRISBOIS BISGAARD & SMITH LLP
24 Greenway Plaza, Suite 1400
Houston, TX 77046
Felix.Digilov@lewisbrisbois.com

*Attorneys for XAPT Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on Friday, August 11, 2023, I electronically filed the within document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record in this matter.

*Felix M. Digilov*
One of XAPT's attorneys
