UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DEERE & COMPANY, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) )  Case No. 4:19-cv-04210-SLD-JEH |
| XAPT CORPORATION, XAPT SOLUTIONS PTY LTD, XAPT KFT, and COSMO CONSULT BUSINESS SOLUTIONS S.R.L., | ) ) ) ) ) ) |
|       Defendants. | ) |

ORDER

Before the Court is Defendants XAPT KFT ("KFT"), XAPT Corporation ("XAPT Corp."), and XAPT Solutions Pty Ltd.'s (collectively, "the XAPT Defendants")[1] Objection to Magistrate Judge's Order and Supporting Memorandum of Law, ECF No. 319.

**BACKGROUND**[2]

Some recitation of the extensive procedural history of this case is warranted. Plaintiff Deere & Company ("Deere") asserts breach of contract, fraudulent inducement, reformation, conversion, and replevin claims against the XAPT Defendants and Cosmo Consult Business Solutions S.R.L. *See generally* Second Am. Compl., ECF No. 60. XAPT asserts as counterclaims against Deere breach and repudiation of contract, trade secret, unjust enrichment, and deceptive trade practice claims. *See* XAPT Corp.'s Answer 7–39, ECF No. 193. KFT

---

[1] The objection was filed by all three of the XAPT entities, but it is not always clear in the record which of these entities made or objected to discovery requests or advanced arguments. Where it is not clear but seems immaterial which entity specifically made certain requests, arguments, or objections, the Court generally refers to the XAPT Defendants.

[2] This case has been pending since October 18, 2019, *see generally* Compl, ECF No. 1. The Court includes only the procedural background relevant to resolving this objection. For further background, see this Court's September 24, 2020 Order, ECF No. 101, and December 10, 2021 Order, ECF No. 183.

1

asserts copyright and unjust enrichment counterclaims against Deere. *See generally* KFT's Countercls., ECF No. 231.[3]

The record in this case is replete with discovery disputes. The most recent discovery disputes have centered on whether the XAPT Defendants have sufficiently identified the intellectual property they claim was infringed or misappropriated and what discovery they are entitled to in order to identify their intellectual property. For example, at a status conference on June 28, 2022, Deere complained that "it [was] inappropriate and unfair for [KFT and XAPT Corp.] to proceed with claims and affirmative discovery on Deere when they have objected to and have not identified the [intellectual property] specifically as required under the caselaw that's at issue in this case." June 28, 2022 Hr'g Tr. 5:23–6:5, ECF No. 235. On March 28, 2023, Deere complained that the XAPT Defendants had still not identified their trade secrets.[4] Mar. 28, 2023 Hr'g Tr. 54:22–57:21, ECF No. 278. Judge Hawley ordered the parties to submit proposed plans for a code review by which the XAPT Defendants' trade secrets could be identified. *See, e.g.*, *id.* at 106:5–109:14. But before the next hearing on the issue, Deere gave the XAPT Defendants its code so the XAPT Defendants could do their own comparison of Deere's code with their own code to identify their trade secrets. *See* May 12, 2023 Hr'g Tr. 5:1–23, ECF No. 297. Deere gave the XAPT Defendants the code at that point because Judge Hawley had entered their requested protective order. *See id.* at 5:1–2. The XAPT Defendants complained that they did not get all the code they needed because Deere did not give them the code to programs "lead[ing] up to the creation of" Deere's new system. *Id.* at 15:2–16. Judge

---

[3] KFT's counterclaims are the subject of a motion to dismiss pending before this Court. *See* Mot. Dismiss, ECF No. 259.

[4] The case was referred for settlement in early September 2022, *see* Sept. 2, 2022 Text Order, so resolution of the issues from the June 28, 2022 status conference was delayed while settlement proceedings occurred. No settlement was reached. Dec. 7, 2022 Min. Entry. A hearing to resolve the issues was set for February 14, 2023, *see* Feb. 1, 2023 Text Order, but was later reset to March 28, 2023, *see* Feb. 9, 2023 Text Order.

Hawley found the XAPT Defendants' request "way overbroad," *id.* at 29:2–5, and indicated that the XAPT Defendants' identification of the intellectual property they allege was infringed or misappropriated was "an early step of getting the rest of the discovery" because "unless and until Deere knows [the] XAPT [Defendants] can identify what their alleged intellectual property is, it is impossible to define the scope of the rest of the discovery," *id.* at 25:24–26:7.  As of a July 28, 2023 hearing, the XAPT Defendants had still not identified their intellectual property despite being given the information they claimed they needed to identify it.  *See* July 28, 2023 Hr'g Tr. 68:5–69:9, ECF No. 314.  At that hearing, Judge Hawley put explicit limits on the parties' ability to conduct discovery.  He prohibited them from issuing discovery requests in any form to any party or nonparty "without [his] prior permission." *Id.* at 63:18–19.  He also limited all further written discovery until the outstanding discovery issues were resolved, *id.* at 63:20–64:1, and delayed depositions until after written discovery was complete, *id.* at 64:21–22.

      The instant objection arises out of a similar but distinct set of disputes.  In early 2022, the United States District Court for the Western District of Washington transferred to this Court a motion filed by Deere to quash a subpoena XAPT Corp. issued to Microsoft Corporation ("Microsoft").  *See* Deere's Mot. Quash Microsoft Subpoena, ECF No. 205; Feb. 18, 2022 Order, *Deere & Co. v. XAPT Corp.*, Case No. C22-126-MLP, ECF No. 18.  Judge Hawley held a hearing on the motion on April 21, 2022.  Apr. 21, 2022 Min. Entry.  One argument made by Deere was that there was "some overlap related to the information which [wa]s sought from Microsoft as it relates to information that has been or could be or may be sought from [Deere] as a party." Apr. 21, 2022 Hr'g Tr. 4:25–5:4, ECF No. 212; *see id.* at 6:18–23 ("[A]fter we reached [an] agreement, XAPT [Corp.] went and served this what we believe and respectfully submit is an overly broad and unduly burdensome subpoena on the third party asking for nearly identical

information without the same [rules governing production that the parties agreed to]."). Deere also complained that XAPT Corp. was asking for information that was "not tethered to the narrow, specific trade secrets that are at issue in this case" which had not been identified by XAPT Corp. yet. *Id.* at 9:24–10:4. Deere asked that XAPT Corp. "be required to identify what the trade secret is that's at issue and have narrowly tailored requests to third parties if it believes it's necessary to, to get proprietary information, and it should be protected on a multi-tier, outside attorneys' eyes only basis." *Id.* at 10:5–10.

Judge Hawley noted that he had the power under Federal Rule of Civil Procedure 26(b)(2)(C)[5] to limit the frequency or extent of discovery otherwise allowed, and stated that under that authority, he could require "the parties to exchange the information among themselves first, before [they] go out and burden third parties and ask them for information that [the parties] ought to have [them]selves." *Id.* at 21:25–22:14. He then stated:

> Let's, let's get all of the information that the parties have. You get your own information and exchange it among yourselves. What you disagree about, what you have but refuse to produce, bring that to me. I'll straighten that out. And then once we have that universe of information, if there's a piece missing that no one seems to have, that only Microsoft has, that someone -- then that can be the subject of a subpoena when we get to that stage.

*Id.* at 26:6–15. Accordingly, Judge Hawley ruled that the subpoena to Microsoft was premature and granted the motion to quash. *Id.* at 31:17–19. He directed the parties "to continue to seek discovery from each other, meet and confer" but stated that if the XAPT Defendants "believe that there is still information that would have been subject to the original subpoena that either is not in the possession, custody, control of Deere or that they refused to produce . . . then another subpoena could be issued in the future after that process is complete." *Id.* at 31:19–32:4.

---

[5] Judge Hawley said "Section (b)(C)" but clearly meant (b)(2)(C) as he then proceeded to quote Rule 26(b)(2)(C). *See* Apr. 21, 2022 Hr'g Tr. 22:2–9.

Over a year later, while the disputes over the XAPT Defendants' identification of its intellectual property were still ongoing, Deere brought to Judge Hawley's attention that the XAPT Defendants had issued a subpoena to Hitachi, "a Deere third-party vendor, for many of the same documents" that the XAPT Defendants had sought from Deere. Deere Submission 2–3, ECF No. 301. Deere requested an order requiring withdrawal of the Hitachi subpoena and sanctions. *Id.* at 3. The issue was resolved at the July 28, 2023 hearing. Judge Hawley referenced his ruling on the Microsoft subpoena. July 28, 2023 Hr'g Tr. 15:12–21. He noted that he "made it pretty clear that [the parties] shouldn't be subpoenaing [third] parties until" he resolved the discovery issues amongst the parties themselves. *Id.* at 16:9–11. He stated that the Hitachi subpoena "clearly falls within the same gamut of what [he] said with the Microsoft subpoena." *Id.* at 16:14–15. He indicated that he was going to take a more active role in managing discovery and, as part of that, "mak[e] sure that things [we]re done in a sequence" he thought sensible. *Id.* at 63:5–11. Accordingly, along with issuing the restrictions on discovery listed above, Judge Hawley stayed "any obligation of Hitachi to comply with th[e] subpoena . . . until" the discovery issues between the parties were resolved. *Id.* at 70:2–5.

The XAPT Defendants object to Judge Hawley's order "stop[ping] [their] ability to enforce a subpoena XAPT Corp[.] issued to Hitachi . . . in California." Obj. 1. Deere opposes the objection. *See, e.g.*, Mem. Opp. Obj. 1, ECF No. 323.

## DISCUSSION

**I.   Legal Standard**

This objection is governed by Federal Rule of Civil Procedure 72(a). Under Rule 72(a), a party may object to a magistrate judge's nondispositive order within fourteen days of being served with the order. *See also* Civil LR 72.2(A). A party opposed to the objection must file a

5

memorandum of law in opposition within fourteen days. *Id*. A district judge must "modify or set aside any part of the [nondispositive] order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "Th[is] clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

## II.    Analysis

The XAPT Defendants argue that Judge Hawley exceeded his authority under Federal Rule of Civil Procedure 45(d)(3)—which provides that a person subject to a subpoena can move to quash or modify a subpoena in "the court for the district where compliance is required"— because the subpoena requires compliance in the Central District of California. Obj. 2. Deere disagrees, characterizing Judge Hawley's July 28, 2023 decision to stay enforcement of the subpoena as an order under Federal Rule of Civil Procedure 26 enforcing the May 12, 2023 discovery order. Mem. Opp. Obj. 1.

The Court finds that Judge Hawley did not clearly err, though it sees the case differently than the parties.[6] While Judge Hawley was specifically ruling on a motion to quash a subpoena to Microsoft on April 21, 2022, his ruling was that the parties were to "continue to seek discovery from each other" before they got third parties involved. Apr. 21, 2022 Hr'g Tr. 31:17–32:4; *id.* at 25:9–17 (indicating that the first step in the discovery process is "both sides learn[ing] precisely what they have and what they don't have and[] where everything is" and noting that "it is a lot easier . . . to regulate the discovery among the parties than when we're pulling in third parties"). Judge Hawley had the power to do this. "[M]agistrate [judges] and

---

[6] In light of the Court's analysis below, it need not address Deere's argument that Judge Hawley's July 28, 2023 order merely enforced a prior May 12, 2023 order. *See, e.g.*, Mem. Opp. Obj. 2.

district courts enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013). Under Rule 26(b)(2)(C)(i), a court must "[o]n motion or on its own . . . limit the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Moreover, the court can dictate the sequence of discovery "for the parties' and witnesses' convenience and in the interests of justice." *Id.* 26(d)(3).

The April 21, 2022 ruling, which the XAPT Defendants did not challenge, covers the Hitachi subpoena, as explained by Judge Hawley at the July 28, 2023 hearing. *See* July 28, 2023 Hr'g Tr. 16:9–15 ("Well, I'm governing the discovery in this case, and I made it pretty clear that you shouldn't be subpoenaing parties until we get all of this sorted out, right? . . . [T]his clearly falls within the same gamut of what I said with the Microsoft subpoena, clearly."). Even if one thinks that the April 21, 2022 ruling was not broad enough to cover subpoenas to third parties other than Microsoft, *see id.* at 69:16–18 (declining to "fault[] counsel for XAPT" because Judge Hawley "didn't tell them they couldn't issue a subpoena to Hitachi"), Judge Hawley made explicit at the July 28, 2023 hearing that he was staying the subpoena to Hitachi under the same reasoning, *id.* at 69:10–15. He also referenced managing the sequence of discovery explicitly at that hearing. *Id.* at 63:5–11; *see also id.* at 65:16 ("[T]he sequencing matters here . . . .").

Though Judge Hawley could not quash or modify the Hitachi subpoena under Rule 45, he did not purport to; instead, he limited discovery under Rule 26. This was proper. *Cf., e.g.*, *Trupp v. Roche Diagnostics Corp.*, No. 1:18-cv-02587-SEB-DLP, 2019 WL 2250584, at *3 (S.D. Ind. May 24, 2019) (denying "the portion of the Defendant's motion requesting that th[e] Court quash the Plaintiff's non-party subpoenas" because the subpoenas required compliance in other courts

7

but finding that the alternative request for a protective order under Rule 26(c) was "properly before the Court"); *Hannon v. City of Prospect Heights*, No. 18 C 2475, 2021 WL 9909725, at *2 (N.D. Ill. June 10, 2021) ("While defendant has failed to establish standing [to challenge a motion to quash], the Court, in applying its broad powers and discretion to control discovery, construes defendant's motion to quash as a motion for protective order.").[7] The XAPT Defendants make no argument that Judge Hawley exceeded his authority under Rule 26 and the Court will not make it for them.

## CONCLUSION

Accordingly, the Objection to Magistrate Judge's Order and Supporting Memorandum of Law, ECF No. 319, is OVERRULED.

Entered this 7th day of November, 2023.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] These cases generally involve motions for protective orders pursuant to Federal Rule of Civil Procedure 26(c), but the Court sees no reason that the conclusion in these cases—that Rule 45(d)'s requirement that a motion to quash a subpoena be filed in the court where compliance is required does not preclude a judge from issuing a Rule 26(c) protective order on a party's motion even if it affects a subpoena—would not extend to a judge's *sua sponte* order as allowed under Rule 26(b)(2)(C) or Rule 26(d).